**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN MADISON,

         Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,

         Agency.

DOCKET NUMBER
AT-0714-20-0333-X-1

DATE: May 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willie C. Darrisaw, Augusta, Georgia, for the appellant.

W. Robert Boulware, Esquire, Montgomery, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1    After the appellant appealed to the Merit Systems Protection Board challenging his removal by the agency, the parties reached a settlement agreement resolving the disputed issues, and the agreement was included in the Board's record for enforcement purposes in the decision dismissing the appeal. The case is now before the Board on the appellant's July 8, 2021 petition for enforcement alleging that the agency breached the settlement agreement by failing to appoint him to the position specified by that agreement. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2    On June 9, 2020, the administrative judge dismissed as settled appellant's appeal of his removal, accepting the settlement agreement into the record for enforcement. *Madison v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0333-I-1, Initial Appeal File (IAF), Tab 25, Initial Decision. In pertinent part, the settlement agreement required the agency to, within 30 days of the execution date of the settlement agreement, place the appellant in the position of Social Work Administrative Officer. IAF, Tab 24 at 5. The initial decision became the final decision of the Board when neither party filed a petition for review.

¶3    On July 8, 2021, the appellant filed a petition for enforcement of the settlement agreement. *Madison v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0333-C-1, Compliance File (CF), Tab 1. The appellant asserted that the agency placed him in the position of Administrative Assistant, not Social Work Administrative Officer, and that this position paid him less than he would have received in the Social Work Administrative Officer position. CF, Tab 1 at 3. The agency admitted that the Administrative Officer position was at the GS-7 level, while the Social Work Administrative Officer position was at the GS-9 level. The agency asserted that appellant had been given a choice of these

positions and had selected the Administrative Officer position, but admitted that it had not informed the appellant of the grade level difference. *See* CF, Tab 7, Compliance Initial Decision (CID) at 2.

¶4        On September 3, 2021, the administrative judge issued a compliance initial decision granting the appellant's petition, finding that the agency was not in compliance because it had failed to place the appellant in the position of Administrative Officer at the GS-09, step 10 level, as specified by the agreement. The administrative judge ordered the agency within 20 days to retroactively restore the appellant to that position effective June 29, 2020, until July 4, 2021, and to pay appropriate back pay and benefits for that time period.[3]  CID at 5.

¶5        The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 7-8.  In addition, he informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein.  CID at 7-8.  Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114.  As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance.  *See Madison v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0333-X-1, Compliance Referral File (CRF), Tab 1.

¶6        The Board issued an acknowledgment order on October 15, 2021, with a Notice to Agency requiring the agency to submit within 15 days evidence showing that it had complied with all actions identified in the CID.  The order also included a Notice to Appellant that the appellant may respond to any

---

[3] The agency had promoted him to the agreed-upon position effective July 4, 2021. *See* CID at 2.

submission from the agency by filing arguments with the Clerk of the Board within 20 calendar days of the date of service of the agency's evidence of compliance. The order notified the appellant that "[i]f you do not respond to the agency's evidence of compliance within 20 days, the Board may assume you are satisfied and dismiss your petition for enforcement." CRF, Tab 1 at 2-3.

¶7 On October 21, 2021, the agency submitted evidence that shows the appellant's appointment to the Administrative Officer GS 9, Step 10 position was made retroactive to June 29, 2020. The Standard Form 50 Notification of Personnel Action cancelled the previous action, which had delayed his promotion to this level to July 4, 2021. The agency's evidence also includes agency emails that state the appellant received his resulting retroactive pay on September 23, 2021. CRF, Tab 2 at 4-8.

¶8 This agency evidence on its face shows that the agency has complied with its obligation to place the appellant in the correct position, but does not conclusively demonstrate that the agency correctly calculated and paid back pay. However, the appellant has not made any reply to the agency's October 21, 2021 submission, and many more than 20 days have elapsed since he was served with it. Accordingly, we assume that the appellant is satisfied with the agency's action, and we therefore dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.